JULIA ECHTERNACH, ADMINISTRATRIX, APPELLEE, V. WILLIAM WIDICK ET AL., APPELLANTS.

276 N. W. 162

FILED NOVEMBER 19, 1937. No. 30096.

*Edmund P. Nuss* and *John E. Ray*, for appellants.

*McNeny & Sprague, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and KROGER, District Judge.

DAY, J.

The widow of Elmer Echternach seeks to recover because his death resulted from an automobile collision between his car and a truck of the Debus Baking Company. The Debus Baking Company appeals from a verdict of $5,000, and assigns three errors it relies upon for reversal. These assignments of error can be reduced and simply stated that the evidence is not sufficient to support the verdict.

544

This requires an examination of the entire record. The deceased, Elmer Echternach, was riding with his son in a Ford roadster, when his car collided with a truck of the Debus Baking Company on Highway No. 4. The truck was driven by William Widick. The accident occurred on the morning of September 25, 1935. The only question presented by this appeal is the sufficiency of the evidence to sustain the allegations of Widick's negligence in the operation of the Debus truck.

The appellee alleged that the proximate cause of the accident was the negligence of the driver, Widick. This negligence is specified to be the unlawful speed, and the failure to regard the safety of other users of the road. The appellee's allegation states that the appellant's employee drove on the wrong side of the road, did not control the truck, and neglected to reduce the rate of speed when the necessities of the occasion required.

Before the case was submitted to the jury under proper instructions, much testimony was adduced, and many witnesses were examined. These witnesses do not agree, and the testimony is in conflict as to the vital issue. But there is a certain agreement among them so that an undisputed statement of certain facts can be made. There was a serious accident upon this highway at a point near a driveway into a farm. The two automobiles collided, with the result that both cars were damaged, and plaintiff's intestate died from the injuries he received. His son had, just prior to the accident, driven north from the driveway, and turned west into the highway. The Debus truck was traveling on the highway from west to east over a hill some distance less than one quarter of a mile away. The truck was thus going down a mild grade, but the hill does not appear factually very important, except as it relates to the distance of possible vision for the drivers. The appellant's truck crossed the road and upset in the ditch on its left side of the road.

The appellants contend that the decedent and his son were driving north from the driveway onto the highway

without warning, and that they tried to avoid the collision. The employee himself asserts that the collision occurred in the highway, at a point opposite the driveway. He places the cars immediately after the accident east of the driveway. The superintendent, and other employees of the Debus Baking Company who went to the scene of the accident afterwards, testified as to the tracks and the position of the two cars then. Their testimony, in a measure, supports the contention of the appellants.

On the other hand, the witnesses for the appellee, including the son of the decedent who was the driver of the car in which the decedent was riding, placed the accident 75 feet west of the driveway. Other apparently disinterested witnesses corroborate his statement. Their version of the affair is that Widick, driver of the Debus truck, came over the brow of the hill at a speed of 55 or 60 miles an hour, crossed the center of the highway, and hit the Echternach car because he did not have his own car under control. They testify as to the tracks in the gravel after the collision.

Thus there is a disputed question of fact for determination. It was submitted to the jury under proper instructions. Indeed, there are no objections to the instructions. The evidence is sufficient to support a finding of fact by the jury in favor of either party. The evidence preponderates in favor of the plaintiff, and so the court is unable to state that the verdict is clearly wrong. It is an old rule of law in this state that, where the evidence is conflicting, a verdict based upon sufficient evidence will not be disturbed by this court. Authorities are not cited because unnecessary. Many authorities are cited in appellants' brief, which we believe correctly state the law but are not applicable to this case when the jury have resolved the questions of fact surrounding the accident against them. An examination of the evidence reveals that it is sufficient to support the verdict.

AFFIRMED.